## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD L. WEIDENBURNER,

      Petitioner,

          v.

    Case No. 15-cv-00762 - JPG

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Donald L. Weidenburner's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255.  Also before the Court are Petitioner's Motions to Expand the Record Pursuant to Rule 7 (Docs. 6, 11, 12 & 13); Motion for Leave of Court (Doc. 7); and Motion for Show Cause (Doc. 8).

It is noted that on May 27, 2015, Petitioner filed a Motion for New Trial in his criminal proceedings.  *See United States v. Weidenburner*, 02-cr-40053, Doc. 833.  The government's response (Doc. 843) argued that the Rule 33 motion fell within the scope of a petition pursuant to 28 U.S.C. § 2255 and the Court agreed.  As such, the Court allowed Mr. Weidenburner the opportunity to withdraw his Motion for New Trial and warned him that his failure to withdraw the motion would result in the Court construing the motion as a motion pursuant 28 U.S.C. § 2255.  *Id.* at doc. 844.

Mr. Weidenburner motioned for an extension of time to file a reply on May 29, 2015 and then filed a Notice of Appel on June 8, 2016.  *Id.* at docs. 845 & 846.  The Court then provided Mr. Weidenburner with additional time to withdraw his motion for new trial, again advising him

that his failure to do so would result in the Court construing his motion as a petition pursuant to 28 U.S.C. § 2255.   *Id.* at doc. 854.   When Mr. Weidenburner failed to withdraw this motion in the time allotted, the Court construed his motion as a petition pursuant to 28 U.S.C. § 2255 resulting in the case at bar.   Mr. Weidenburner appealed the order construing the motion for new trial as a § 2255.   *Id.* at docs. 858 & 860.   The § 2255 matter was stayed pending the appeals.   The United States Court of Appeals for the Seventh Circuit denied both appeals as premature.   *See United States v. Weidenburner*, 15-227 and 15-2580, (7th Cir.   Apr. 7, 2016).   This matter may now proceed.

On March 29, 2012, Petitioner was tried by jury and found guilty of conspiracy to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846.   *See United States v. Weidenburner*, Case No. 02-cr-40053 (Doc. 666).   Petitioner was sentenced on July 2, 2012, to 360 months imprisonment; ten years supervised release; a $100 special assessment; and a $400 fine. (Doc. 705, 02-cr-40053).   Petitioner appealed and his appointed counsel asserted that any possible appellate claims were frivolous and sought to withdraw.   The United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw and dismissed the petitioner's appeal.   *See United States v. Weidenburner,* 550 F. App'x 298 (7th Cir. 2013).   Certiorari was denied on June 9th, 2014 and petitioner's motion was timely filed on February 17, 2015[1.]

Petitioner alleges the following:

a.   That the government failed to disclose any and all "written or recorded statements" and "any written record containing the substance of any relevant oral statement made

---

1  Date Motion for New Trial Filed in criminal matter *United States v. Weidenburner,* Case No. 02-cr-40053-JPG.

by Defendant" in violation of *Brady v. Maryland,* 83 S.Ct. 1194 (1963). Specifically, petitioner alleges that the government failed to provide the Indiana police report of Mr. Althoff that stated, "he gave some information, a statement that could be used to obtain a search warrant in Illinois."  Petitioner also alleges that the government failed to provide him with the statement of "the reliable informant that Mr. Don Graskewicz speaks about in this complaint for a search warrant."

b.  That the government failed to disclose material evidence affecting the credibility of witnesses within the scope of *Giglio v. United States*[2], 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) and *Napue v. People of State of Ill.,* 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959).   Specifically, that the witness Mr. Hanisch knew the location of certain reports and falsely testified that he did not know their locations and provided false testimony with regard to his interview with the petitioner in Indiana.   Further, that the prosecution was aware that the said testimony was false and failed to correct it.

In addition to this initial § 2255, Petitioner has three motions to expand the record pursuant to Rule 7.   Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, if the 2255 motion is not dismissed, "the judge may direct the parties to expand the record by submitting additional materials relating to the motion."

At this time, the Court is deferring ruling on these motion in order to allow the government an opportunity to admit or deny their correctness as required by Rule 7(c).

Next, Petitioner requests Leave of Court (Doc. 7) in order to conduct discovery.   Rule 6(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires

---

2  Petitioner list this case as *United States v. Giglio*, but provides the correct citation.

that the requesting party, "include any proposed interrogatories and requests for admission, and must specify any requested documents."   Petitioner is requesting the "alleged statements that led to the Search warrant of James J. Wathen's residence."   However, he also goes on to state that there are no such statements, because he never made any statements.   Petitioner does not include any proposed interrogatories or requests for admissions.   Since the specific documents he requests are, by his account non-existence, the Court believes that discovery at this stage would not produce any evidence not previously produced at petitioner's criminal proceedings and/or subsequent Freedom of Information requests.

Therefore, the Court is **DEFERRING** ruling on Petitioner's Motions to Expand the Record Pursuant to Rule 7 (Docs. 6, 11, 12 & 13).   The Government is **DIRECTED** to inform the Court of the correctness of the documents contained in the petitioner's motions on or before **December 12, 2016.**   Petitioner's Motion for Leave of Court (Doc. 7) is **DENIED** and Motion for Show Cause (Doc. 8) is **MOOT** as the Court has indicated that petitioner's § 2255 was timely filed.

**IT IS SO ORDERED.**

**DATED:**   11/18/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**