# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD LEE WEIDENBURNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 3:15-cv-00762-JPG
---
Criminal Case No. 4:02-cr-40053-JPG-1

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This matter comes before the Court on petitioner Donald Lee Weidenburner's motion to reconsider this Court's denial of his 28 U.S.C. § 2255 petition. (Doc. 45.) Weidenburner does not attack the merits of the Court's denial, but rather argues that the Court should not have considered his initial motion as § 2255 petition in the first place.

    In February 2015, Weidenburner filed his initial motion as a motion for a new trial. (Criminal Case No. 4:02-cr-40053, Doc. 833.) Weidenburner's motion however, invoked a constitutional theory that was only available in a § 2255 petition: even though his theory was predicated on newly discovered evidence, the motion relied on *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Pursuant to the Seventh Circuit's instructions in *United States v. Evans*, 224 F.3d 670, 674, the Court warned Weidenburner that if he did not withdraw his motion by June 15, 2015, the Court would properly construe it as a § 2255 petition. (Criminal Case No. 4:02-cr-40053, Docs. 844.) Later, the Court granted Weidenburner an extension of time to withdraw through July 6, 2015, but he never did so. (Criminal Case No. 4:02-cr-40053, Doc. 854.) Accordingly, the Court construed Weidenburner's motion for a new trial as a petition pursuant to 28 U.S.C. § 2255.

1

Now, after the Court has fully resolved Weidenburner's § 2255 petition on the merits, he asks the Court to go back and reconsider its decision to construe his motion as one under § 2255 in the first place. Weidenburner cites to *United States v. O'Malley*, 833 F.3d 810, 815–16 (7th Cir. 2016), which held that when a prisoner brings a newly discovered evidence claim predicated on *Brady* and *Giglio*, the prisoner is "permitted to choose" whether to bring the motion pursuant to 28 U.S.C. § 2255 or Federal Rule of Criminal Procedure 33.

Weidenburner brings his motion to reconsider under Federal Rule of Civil Procedure 59(e), but it is more properly a rule under Rule 60(b). A post-judgment motion such as one under Rule 60(b) that advances a new "claim"—a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits—is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (habeas context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816. Generally, decisions to deny a habeas petition based on the failure to exhaust state remedies, procedural default, or the statute of limitations are not decisions on the merits and may be attacked in a Rule 60(b) motion without amounting to a successive petition. *Gonzalez*, 545 U.S. at 532 n. 4. Here, the Court construes Weidenburner's motion for reconsideration as one attacking a procedural error: it points to an alleged defect in the proceedings regarding the construal of his initial motion rather than advancing a new ground for relief. Accordingly, Weidenburner's motion does not amount to a successive petition, and the Court will consider his argument.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Weidenburner has not made the proper showing for Rule 60(b) relief. First, the Court gave Weidenburner ample time in 2015 to withdraw his motion for a new trial or object to the Court's warning, but he never did so. Rather, he waited until 2018—after the Court resolved his § 2255 petition on the merits—to file this motion for reconsideration. While *United States v. O'Malley* was a 2016 decision—a year after the Court correctly followed the *Evans* instructions and converted Weidenburner's motion to a § 2255 petition—Weidenburner still had ample time to move for reconsideration. Since he did not, Weidenburner has effectively waived his argument.

Second, even if Weidenburner did not abandon his argument and the Court considers his initial motion under the Rule 33 new trial standard, it would not change the course of these proceedings. As Weidenburner explained in his motion for reconsideration, the first element of a Rule 33 inquiry predicated on newly discovered evidence is "a defendant must provide evidence that (1) came to his knowledge only after trial." *United States v. Westmoreland*, 712 F.3d 1066,

1072 (7th Cir. 2013). Weidenburner cannot prove this first element for the same reasons that his § 2255 petition failed: his "newly discovered evidence" was not new at all. Rather, it consisted of (1) a piece of evidence that Weidenburner had access to during trial, and (2) a piece of evidence that does not exist. Revealingly, Weidenburner does not contest the Court's ruling on that matter, but rather asks the Court only to apply the new trial standard to this same issue.

Even if the Court continues to play the "even if" game, Weidenburner's motion continues to fail at other steps of the new trial inquiry. Even if Weidenburner satisfy the first element, he cannot win on the second element—that the evidence "could not have been discovered sooner through the exercise of due diligence"—because Weidenburner already had one of the pieces of evidence and the other piece does not exist. *Id.* And even if Weidenburner can prove those two elements, there is a zero percent chance that he can win on the fourth element: that the evidence "would probably lead to an acquittal in the event of a retrial.*" Id.* As Judge Murphy said at the end of the trial: "[t]he evidence in this case of guilt was so overwhelming that it was literally crushing." (Case No. 02-cr-40053, Tr. 8:6-17, Doc. 728.)

## CONCLUSION

Since applying the new trial standard would be futile, Weidenburner has not made any showing why he is entitled to the extraordinary remedy of Rule 60(b) relief. For the foregoing reasons, the Court **DENIES** Weidenburner's motion for reconsideration. (Doc. 45.)

**IT IS SO ORDERED.**

**DATED: MARCH 7, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
